**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Skinner, as an individual and on behalf of others similarly situated, | No. CV-16-00236-TUC-JGZ (BGM) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Tel-Drug, Inc. and Does 1–10, | |
| Defendants. | |

      Currently pending before the Court is Defendant Tel-Drug, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 15). Plaintiff filed his opposition (Doc. 17), and Defendant replied (Doc. 20). As such, the motion is fully briefed and ripe for adjudication.

      Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure, this matter was referred to Magistrate Judge Macdonald for Report and Recommendation. On December 14, 2016, oral argument was held before the Honorable Bruce G. Macdonald. Minute Entry 12/24/2016 (Doc. 26). The matter is ripe for review. The Magistrate Judge recommends that the District Court grant Defendant Tel-Drug, Inc.'s motion to dismiss (Doc. 15).

## I.    FACTUAL BACKGROUND

On or about the end of April 2015, an employee of Defendant Tel-Drug started sending faxes to an undisclosed individual who was neither employed by or related to Tel-Drug's business.  2d Amended Class Action Compl. ("SAC") (Doc. 14) at ¶ 17. Plaintiffs allege that these faxes contained medical records and highly confidential medical information, including test results and medical history information, of many patients of Tel-Drug.  *Id.* at ¶ 18–19.  Between April 22, 2015 and January 2016, Defendant allegedly sent medical records and confidential medical information of approximately one hundred (100) individual patients.  *Id.* at ¶ 20.  The records disclosed, *inter alia*, names, addresses, phone numbers, dates of birth, occupations, medical diagnoses, prescriptions, medical record number, HIV/AIDS status, past surgeries, weight, alcohol and tobacco use, sexual orientation, sexual activity, race, criminal record, and illegal drug use.  *Id.* at ¶ 21.

On or about August 11, 2015, the recipient of the faxed medical records informed Defendant by fax that it was sending information to the wrong number.  SAC (Doc. 14) at ¶ 22.  Defendant continued to send multiple faxes per day to the same individual.  *Id.* at ¶ 23.  On August 21, 2015, the recipient again sent a fax, as well as a certified letter to inform Defendant that it was sending faxes to a wrong number.  *Id.* at ¶ 24.  Defendant continued to send multiple faxes per day to the individual.  *Id.* at ¶ 25.  On or about September 15, 2015 at 4:35 p.m., Plaintiff's confidential medical information was sent to the unaffiliated individual.  *Id.* at ¶ 26.  On or about October 1, 2015, the recipient sent a third and final letter by fax and certified mail to Defendant informing it of the wrong

number.  SAC (Doc. 14) at ¶ 27.  On or about October 13, 2015, Defendant's faxes ceased.  *Id.* at ¶ 28.

Plaintiff alleges that Defendant's continued faxing despite receiving notice that it had a wrong number constitutes intentional and/or reckless behavior.  *Id.* at ¶ 29.  On November 10, 2015, the recipient sued Defendant for an alleged violation of the Telephone Consumer Protection Act.  *Id.* at ¶ 30.  Despite this, on or about January 19, 2016, Defendant attempted to send more faxes to the wrong number.  *Id.* at ¶ 31. Plaintiff did not give Defendant written authorization for the release of his medical information, and did not have a relationship to the recipient.  SAC (Doc. 14) at ¶¶ 36–37. Plaintiff alleges that he suffered and continues to suffer from damages including anxiety, humiliation, embarrassment, and, and the uncertainty of not knowing who has seen his very private medical information.  *Id.* at ¶ 39.

On June 7, 2016, Plaintiff Robert Skinner filed his Second Amended Class Action Complaint ("SAC") (Doc. 14) against Tel-Drug, Inc. alleging breach of contract; negligence; negligence *per se*; invasion of privacy—public disclosure of private information; and invasion of privacy—intrusion upon seclusion.  *See* SAC (Doc. 14).

## II.    STANDARD OF REVIEW

A complaint is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Rule 8(a), Fed. R. Civ. P.  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct.

1937, 1949, 173 L.Ed.2d 868 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*; *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998) ("conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss.").

Dismissal is appropriate where a plaintiff has failed to "state a claim upon which relief can be granted."  Rule 12(b)(6), Fed. R. Civ. P.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  Further, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citations omitted).

"When ruling on a motion to dismiss, [the Court must] accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  *Association for Los Angeles Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011) (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005)).  "The court draws all reasonable inferences in favor of the plaintiff."  *Id.* (citing *Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008)).  This Court is not required, however, to accept conclusory statements as a factual basis.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127

- 4 -

S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007); *Mann v. City of Tucson*, 782 F.2d 790, 793 (9th Cir. 1986) ("Although we must, in general, accept the facts alleged in the complaint as true, wholly vague and conclusory allegations are not sufficient to withstand a motion to dismiss.").

## III.   ANALYSIS

Defendant Tel-Drug, Inc. seeks dismissal of the following claims: breach of contract (count one); negligence per se (count three); and invasion of privacy (counts four and five).  Def.'s Mot. to Dismiss Pl.'s SAC (Doc. 15) at 1.

### A. Breach of Contract

Defendant asserts that it is entitled to dismissal of Plaintiff's breach of contract claim, because Plaintiff has not "allege[d] that he suffered any pecuniary damages as a result of Tel-Drug's alleged breach of that agreement."  Def.'s Mot. to Dismiss Pl.'s SAC (Doc. 15) at 3 (citations omitted).  Defendant further asserts that Plaintiff's "concern regarding a hypothetical injury[, having his identity stolen,] that may or may not occur in the future is not a cognizable damage."  *Id.* at 4.  Plaintiff argues that contract damages should be recoverable because "the nature of the contract is such that a breach of it is particularly likely to result in serious emotional disturbance."  Pl.'s Response (Doc. 17) at 5 (quoting *Alday v. Raytheon Co.*, 619 F.Supp.2d 726, 731 (D. Ariz. 2008)).

"To bring an action for the breach of [a] contract, the plaintiff has the burden of proving the existence of the contract, its breach and the resulting damages."  *Graham v. Asbury*, 112 Ariz. 184, 185, 540 P.2d 656, 657 (Ariz. 1975) (citations omitted).  "Arizona

has long held that damages for breach of contract are those damages which arise naturally from the breach itself or which may reasonably be supposed to have been within the contemplation of the parties at the time they entered the contract." *All American School Supply Co. v. Slavens*, 125 Ariz. 231, 233, 609 P.2d 46, 48 (Ariz. 1980) (citations omitted).   In general, "[r]ecovery for emotional disturbance will be excluded unless the breach also caused bodily harm or the contract or the breach is of such a kind that serious emotional disturbance was a particularly likely result."   Restatement (Second) of Contracts § 353.   "Common examples are contracts of carriers and innkeepers with passengers and guests, contract for the carriage or proper disposition of dead bodies, and contracts for the delivery of messages concerning death."   *Id.*, cmt. a.   "These types of contracts create special, partly noncommercial relationships, and when the provider of the service fails to provide the very item which was the implicit objective of the making of the contract, then contract damages are seldom adequate, and the cases have generally permitted the plaintiff to maintain an action in tort as well as in contract."   *Rawlings v. Apodaca*, 151 Ariz. 149, 159, 726 P.2d 565, 575 (Ariz. 1986) (citing W. Prosser & W. Keeton, Law of Torts, § 92 at 660–61).

As Defendant points out, Plaintiff has "failed to demonstrate that his alleged contract with Tel-Drug falls within the narrow exception in Section 353 of the Restatement[.]" Def.'s Reply (Doc. 20) at 3.   Moreover, it is well-established law that in order for a plaintiff to recover in a breach of contract there must be "an allegation and proof of real, and not merely possible or speculative damages." *Gilmore v. Wingate*, 21 Ariz. 542, 546, 190 P. 571, 573 (Ariz. 1920).   Here, Plaintiff has alleged only speculative

damages or those sounding in tort.  As such, his breach of contract claim should be dismissed.

### B.  Negligence per se

Defendant asserts that there is no private right of action to enforce a Health Insurance Portability and Accountability Act of 1996 ("HIPAA") violation.  Def.'s MTD (Doc. 15) at 4.  Defendant argues that that Plaintiff is attempting to circumvent this proscription by arguing that Defendant's "alleged violation of unspecified HIPAA regulations gives rise to a claim for negligence per se."  *Id.*  Plaintiff counters that he is not making an independent HIPAA claim, but rather is relying on HIPAA to "evidence the duty of care owed by Defendant with respect to the privacy of Plaintiff's medical records."  Pl.'s Response (Doc. 17) at 9.

"In Arizona, violation of a statute establishes the elements of duty and breach, requiring the plaintiff to prove only proximate cause and damages."  *Resolution Trust Corp. v. Dean*, 854 F.Supp. 626 (D. Ariz. 1994).  There is, however, no private right of action under HIPAA.  *See Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1080 (9th Cir. 2016); *see also Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) ("[e]very district court that has considered this issue is in agreement that the [HIPAA] statute does not support a private right of action.").

Here, Plaintiff asserts that he is relying on HIPAA to "evidence the duty of care owed by Defendant with respect to the privacy of Plaintiff's medical records."  Pl.'s Response (Doc. 17) at 9.  "[T]o the extent that HIPAA universally has been held **not** to authorize a private right of action, to permit HIPAA regulations to define per se the duty

and liability for breach is no less than a private action to enforce HIPAA, which is precluded." *Sheldon v. Kettering Health Network*, 40 N.E.3d 661, 674 (Ohio Ct. App. 2015) (emphasis added). Additionally, Plaintiff obliquely references A.R.S. § 12-2292, confidentiality of medical records and payment records, which provides in relevant part:

> Unless otherwise provided by law all medical records and payment records, and the information contained in medical records and payment records, are privileged and confidential. A health care provider may only disclose that part of all of a patient's medical records and payment records as authorized by state or federal law or written authorization signed by the patient or the patient's health care decision maker.

A.R.S. §12-2292(A). This statute codifies the physician-patient privilege, and does not create a private right of action. *See Carondelet Health Network v. Miller*, 221 Ariz. 614, 616, 212 P.3d 952, 954 (Ct. App. 2009) (discussing the reason for the existence of the physician-patient privilege). As such, Plaintiff's reliance thereon is misplaced. There being no statutory violation, Plaintiff's negligence per se claim cannot stand.

### C.   *Invasion of Privacy*

Arizona recognizes four separate torts under the right to privacy: (1) intrusion on the plaintiff's seclusion or private affairs; (2) public disclosure of embarrassing private facts; (3) publicity placing the plaintiff in a false light in the public eye; and (4) appropriation of the plaintiff's name or likeness for the defendant's advantage. *Godbehere v. Phoenix Newspapers, Inc.*, 162 Ariz. 335, 338, 738 P.2d 781, 784 (1989). Plaintiff's SAC alleges two invasion of privacy claims: 1) public disclosure of private information (count four); and 2) intrusion upon seclusion. SAC (Doc. 14) ¶¶ 77–86. These will be addressed in turn.

**1. Disclosure of private facts.**

In order to sustain a claim for invasion of privacy, Arizona law requires the Plaintiff to demonstrate that the Defendant gave *publicity* to a matter concerning him that places him before the public in a false light.  *See Godbehere v. Phoenix Newspapers, Inc.*, 162 Ariz. 335, 738 P.2d 781 (1989); *see also, Hart v. Seven Resorts, Inc.*, 190 Ariz. 272, 280, 947 P.2d 846, 854 (Ct. App. 1997).  The Arizona Court of Appeals has recognized that:

> [I]t is not an invasion of the right of privacy . . . to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons.  On the other hand, any publication in a newspaper or magazine, even of small circulation, . . . or statement made in an address to a large audience is sufficient.

*Hart*, 190 Ariz. at 280, 947 P.2d at 854 (alterations in original).

Here, Defendant faxed Plaintiff's private records to a single individual.  *Hart* excludes communication to a single person from the tort of an invasion of the right to privacy.  Without publicity, Plaintiff's claim cannot stand.

**2. Intrusion on seclusion.**

The Arizona Court of Appeals relied on the Restatement's definition of the tort of intrusion upon seclusion as:

> One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

*Hart*, 190 Ariz. at 279, 947 P.2d at 853 (citing Restatement (Second) of Torts § 652B).

Further, "[t]he invasion may be by physical intrusion into a place in which the plaintiff

has secluded himself . . . [or] [i]t may also be by the use of the defendant's senses . . . to oversee or overhear the plaintiff's private affairs . . . [or] by some other form of investigation or examination into his private concerns." *Id.* (citing Restatement (Second) of Torts § 652B, cmt. b.).

Here, Plaintiff has not stated facts to support invasion or intrusion by Defendant. There is no evidence that Defendant "physical[ly] intru[ded] into a place in which the plaintiff has secluded himself[.]" *Hart*, 190 Ariz. at 279, 947 P.2d at 853 (citing Restatement (Second) of Torts § 652B, cmt. b.). Neither has Plaintiff stated any facts to suggest that Defendant "investigat[ed] or examin[ed] into [Plaintiff's] private concerns." *Id.* Accordingly, Plaintiff's claim for an intrusion upon seclusion must fail.

### D.   *Leave to Amend*

"Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) (citations omitted). Here, the Plaintiff has already amended his Complaint twice, and the Court finds that there is no set of facts that could cure the deficiencies found in Plaintiff's Second Amended Complaint.

## IV.   CONCLUSION

Based upon the foregoing, the Court finds that Plaintiff has failed to state a claim for breach of contract (count one), negligence per se (count three), or invasion of privacy (counts four and five). These claims should be dismissed without further leave to amend Plaintiff's complaint.

- 10 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## V.    RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order GRANTING Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 15) without leave to amend.

Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2).  If objections are not timely filed, they may be deemed waived.  If objections are filed, the parties should use the following case number: **CV-16-0236-TUC-JGZ**.

Dated this 27th day of January, 2017.

Honorable Bruce G. Macdonald
United States Magistrate Judge