# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Skinner, | No. CV-16-00236-TUC-JGZ (BGM) |
| Plaintiff, | **ORDER** |
| v. | |
| Tel-Drug Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Magistrate Judge Bruce G. Macdonald's Report and Recommendation (R&R) recommending that Defendant's Motion to Dismiss be granted. (Doc. 27.) Plaintiff has filed an objection to the Report and Recommendation to which Defendant has replied. (Docs. 28, 29.) After considering the Report and Recommendation and the arguments raised in Plaintiff's Objection, the Court will overrule the objection and adopt Judge Macdonald's Report and Recommendation.

## STANDARD OF REVIEW

When reviewing a Magistrate Judge's Report and Recommendation, this Court "shall make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (1)(c); *see also Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991) (*citing Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)). Failure to object to a Magistrate Judge's recommendation relieves the Court of conducting de novo review of the

Magistrate Judge's factual findings; the Court then may decide the dispositive motion on the applicable law. *Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979) (citing *Campbell v. United States Dist. Ct.*, 501 F.2d 196 (9th Cir. 1974)).

## DISCUSSION[1]

Plaintiff presents three objections to the R&R. First, Plaintiff contends that the R&R improperly recommends dismissal of Plaintiff's entire case, despite the fact that Defendant only moved for dismissal of counts 1, 2, 4 and 5 of Plaintiff's Second Amended Complaint. The R&R does recommend granting Defendant's R&R. However, the Motion to Dismiss was a partial motion and the R&R clearly states in its Conclusion that "Plaintiff has failed to state a claim for breach of contract (count one), negligence per se (count three), or invasion of privacy (counts four and five). These claims should be dismissed without further leave to amend." (Doc. 27, pg. 10.) Accordingly, this objection is without merit.

Second, Plaintiff objects to the R&R for the reasons stated in Plaintiff's "briefing and oral arguments in this case." (Doc. 28, pg. 2.) The Court has reviewed the record in this matter and concludes that the Magistrate Judge's R&R is well-reasoned and that Plaintiff's arguments do not undermine the analysis and proper conclusion reached by the Magistrate Judge. Accordingly, this objection is overruled.

Plaintiff's third "objection" is actually a request for leave of Court to file a Third Amended Complaint in order to add a negligence per se claim based on an alleged violation of A.R.S. § 12-2292. (Doc. 28, pgs. 2-7.) This issue was not fairly presented to the Magistrate Judge in the briefing of the Motion to Dismiss. Count 3 of Plaintiff's Second Amended Complaint is captioned "Third Cause of Action: Negligence Per Se, Health Insurance Portability and Accountability Act [HIPAA])." (Doc. 14, pg. 10.) In the Motion to Dismiss, Defendant argued that negligence per se liability cannot be based on the defendant's alleged violation of HIPAA. Plaintiff's response to the Motion to

---

[1] The factual and procedural history of this case are set forth in the Magistrate Judge's Report and Recommendation. (Doc. 27.)

Dismiss included a passing reference to A.R.S. § 12-2292; Plaintiff argued that Plaintiff should be allowed to prove Defendant's violation of the standard of duty through HIPAA because HIPAA and A.R.S. § 12-2292 construed together established an expectation that the duty of care includes a duty not to disclose medical records. It appears from the record that, at the argument on the pending Motion, Plaintiff made an oral motion to amend his complaint to include a negligence per se claim based on an alleged violation of A.R.S. § 12-2292. But the parties have not briefed the issue of whether A.R.S. § 12-2292 can be the basis for a negligence per se claim under Arizona law. Although the Magistrate Judge noted that A.R.S. § 12-2292 did not appear to create a private right of action, the issue of whether Plaintiff could state a claim for negligence per se based on A.R.S. § 12-2292 was not before the Magistrate Judge and the R&R did not resolve that issue. The Magistrate Judge's recommendation that Plaintiff's negligence per se claim (Count 3) be dismissed without leave to amend only applies to Plaintiff's negligence per se claim arising under HIPAA, as alleged in Plaintiff's Second Amended Complaint.

An Objection to an R&R is not the appropriate vehicle for seeking leave to amend. The Court declines to consider Plaintiff's request, but its dismissal of Counts 1, 3, 4 and 5 of Plaintiff's Second Amended Complaint does not preclude Plaintiff from filing a motion to amend his Second Amended Complaint in order to allege a claim for negligence per se arising under A.R.S. § 12-2292. The Court takes no position regarding the legal viability of such a claim.

**CONCLUSION**

THEREFORE, IT IS ORDERED THAT:

1. The Report and Recommendation of Magistrate Judge Macdonald (Doc. 27) is APPROVED AND ADOPTED;
2. Defendant's Motion to Dismiss (Doc. 15) is GRANTED;
3. Plaintiff's Objection to the R&R (Doc. 28) is OVERRULED;
4. Counts 1, 3, 4 and 5 of Plaintiff's Second Amended Complaint are DISMISSED WITH PREJUDICE.

5. The matter remains referred to Magistrate Judge Macdonald for all pretrial proceedings and report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LR Civ. 72.1 and 72.2.

Dated this 22nd day of March, 2017.

*signature*

Honorable Jennifer G. Zipps
United States District Judge